(Not for Publication)                                                                                  Docket Entry Nos. 11, 12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____
                                            :
JOHN D. SIMRIN,                             :
                                            :
         Plaintiff,                       :   Civil No. 05:2223 (RBK)
                                            :
         v.                               :   **OPINION**
                                            :
CORRECTIONAL MEDICAL SERVICES,              :
et al.,                                     :
                                            :
         Defendants.                      :
_____ :

      Presently before the Court are two unopposed motions to dismiss Plaintiff John Simrin's Complaint for failure to state a claim upon which relief can be granted. The first motion, filed by Defendant New Jersey Department of Corrections ("NJDOC"), seeks dismissal of the Complaint against the NJDOC on grounds of Eleventh Amendment immunity. The second motion, filed on behalf of Defendants Correctional Medical Services ("CMS"), Dr. Abu Ahsan, Dr. Richard Hellander, Marie Perkins, and Dr. Philip Slonim, seeks dismissal of the Complaint against Defendant "CMS Nurses" on grounds that the CMS nursing staff is not an individual or legal entity capable of being sued. For the reasons set forth below, the Court will grant both motions.

## I. STANDARD OF REVIEW

      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a

complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). The Court may not grant a Rule 12(b)(6) motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where the plaintiff is proceeding pro se, the plaintiff's complaint is subject to a less stringent standard than more formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even a pro se plaintiff, like Mr. Simrin, must still plead the essential elements of his claim and is not ordinarily excused from conforming to standard procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993).

**II. DISCUSSION**

Plaintiff John Simrin, proceeding pro se, filed the Complaint in this matter on April 25, 2005, and the Court granted his application to proceed in forma pauperis on May 5, 2005. The Complaint alleges that while Simrin was incarcerated at Southwoods State Prison in Bridgeton, New Jersey, the Defendants violated his constitutional rights by failing to diagnosis, treat, and respond to his medical needs. In particular, Simrin allegedly suffers from severe pain in his left side, which he contends requires additional testing, medication, and surgery to remove his spleen. The named Defendants include the

NJDOC, CMS, several of Simrin's treating physicians and psychologists, and the CMS nursing staff. Because these Defendants allegedly did not provide the appropriate course of treatment, Simrin filed this action pursuant to 42 U.S.C. § 1983 seeking money damages and equitable relief.

**A. Claims Against NJDOC**

In response to Simrin's Complaint, the NJDOC filed a Rule 12(b)(6) motion to dismiss on the basis of Eleventh Amendment immunity. See Fed. R. Civ. P. 12(b)(6). The Court agrees that Simrin's claims against NJDOC are barred by the Eleventh Amendment.

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought.[1] Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Likewise, absent a waiver of immunity by the state, the Eleventh Amendment precludes federal suits for money damages against state officers sued in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Because nothing in § 1983 abrogates a state's Eleventh Amendment immunity, that immunity bars Simrin's claims against the NJDOC. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).

---

[1] The Eleventh Amendment provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

Additionally, the NJDOC does not qualify as a "person" within the meaning of §1983. The statute provides in relevant part:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (emphasis added). However, neither states, nor their departments and agencies, nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71, n.10, 109 S. Ct. 2304, 105 L. Ed.2d 45 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983). Therefore, because NJDOC is immune under the Eleventh Amendment, and thus, is not a "person" within the meaning of § 1983, the Court will dismiss Simrin's claims against the NJDOC. However, instead of dismissing the Complaint against NJDOC pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a viable claim, the Court finds that it lacks subject matter jurisdiction and must dismiss pursuant to Fed. R. Civ. P. 12(b)(1). See Grabow, 726 F. Supp. at 539. Because the NJDOC is entitled to Eleventh Amendment immunity, this Court lacks "discretion to consider the merits of a case over which it is without jurisdiction." See id. (quoting Firestone Tire & Rubber v. Risjord, 449 U.S. 368, 379, 101 S. Ct. 669, 676, 66 L. Ed. 2d 571 (1981)).

**B. Claims Against CMS Nursing Staff**

Defendants CMS, Dr. Abu Ahsan, Dr. Richard Hellander, Marie Perkins, and Dr. Philip Slonim have similarly filed a Rule 12(b)(6) motion seeking dismissal of the Complaint as it pertains to Defendant "CMS Nurses." These Defendants argue that "CMS Nurses" is not an individual or legal entity subject to suit, and therefore, the claims against it must fail as a matter of law.

Federal Rule of Civil Procedure 17(b) states that in cases where the defendant is not an individual or corporation, the capacity to sue or be sued shall be determined by the law of the state in which the district court is held. Fed. R. Civ. P. 17(b). In New Jersey, a hospital's "Medical Staff" may be amenable to suit as an unincorporated association. See Corleto v. Shore Memorial Hosp., 350 A.2d 534 (N.J. Super. Ct. L. Div. 1975) (relying upon Greisman v. Newcomb Hosp., 192 A.2d 817 (N.J. 1963) and Joseph v. Passaic Hosp. Ass'n, 141 A.2d 18 (N.J. 1958)).[2] In turn, an unincorporated association has the capacity to sue or be sued "in any civil action affecting its common property, rights and liabilities" if that unincorporated organization or association consists of seven or more members and has a recognized name. See N.J. Stat. Ann. § 2A:64-1. In Corleto, the Medical Staff at issue was that of a private hospital, and not the nursing staff of a prison infirmary or correctional

---

[2] Neither Joseph nor Greisman specifically addresses the issue of whether a medical staff constitutes an unincorporated association; however, in both cases, the hospital's Medical Staff was a party to the action and the underlying dispute involved the denial of medical staff privileges.

medical services department. See Corleto, 350 A.2d at 535-36.  Moreover, in Corleto, the Medical Staff was (1) recognized as a collective entity, (2) governed by a set of formal hospital bylaws, and (3) authorized to make staff privilege recommendations on behalf of the hospital. See id. at 536, 538.  By contrast, the CMS nurses in the present case are a subgroup of the individuals comprising the prison's medical services staff.  In addition, unlike the formally governed Medical Staff of a private hospital, there is likely no recognized association known as "CMS Nurses," much less one with staff decision-making power on behalf of CMS.

Furthermore, the present parties did not cite, and the Court did not otherwise find, any New Jersey case law establishing that a prison's nursing staff is subject to suit as an unincorporated association.  In fact, case law from other jurisdictions provides that in the context of a jail or prison medical facility, the "medical staff" is neither an individual nor a legal entity capable of being sued, nor a "person" subject to suit in a § 1983 action. See e.g., Walker v. Dallas County Sheriff's Med. Dept., No. 3-02-CV-1546-P, 2002 WL 31553930, *2 (N.D. Tex. Nov. 13, 2002) (dismissing § 1983 claims against jail's "medical staff" as frivolous because the staff was not a legal entity with jural existence); Pantoja v. Dallas County Jail, No. Civ. A. 3:01-CV-1620-L, 2001 WL 1343437, *2 (N.D. Tex. Oct. 31, 2001) (noting that the medical staff of the Dallas County Jail is not a separate legal entity subject to suit); Russell v. Mobile County Sheriff, No. Civ. A. 00-0410CBC, 2000 WL 1848470, *3 (S.D. Ala. Nov. 20, 2000) (finding that the county jail medical staff is not a legal entity subject to suit);

Prenosil v. Dallas County Jail, No. Civ. A. 3:93-CV-1130, 1995 WL 1945577, *1 (N.D. Tex. Jan. 12, 1995) (stating that unless a political entity has explicitly granted a servient department jural authority, the plaintiff may not maintain an action against that servient department or division); Johnson v. Sheahan, No. 94 C 618, 1994 WL 494803, *1 (N.D. Ill. Sept. 8, 1994) (finding that the medical staff of Cook County Department of Corrections is neither a person nor an entity subject to suit because of the lack of a legal existence); Rhodes v. Maschner, No. 87-3211-S, 1989 WL 103430, *3 (D. Kan. Aug. 29, 1989) ("[E]ven if '[Kansas State Penitentiary] Infirmary Staff' were a legal entity or agency of the state capable of suing and being sued, it is not a 'person' within the meaning of 42 U.S.C. § 1983 and must be dismissed as a defendant.").

Here, if the "CMS Nurses" is not a legal entity capable of being sued, then there exists no set of facts that would entitle Plaintiff to relief. Unfortunately, it appears that the New Jersey Supreme Court has not addressed whether a prison's nursing staff is a legal entity subject to suit. However, because the case law from other jurisdictions supports dismissal on similar facts, the Court will grant the present motion to dismiss the claims against CMS nurses.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant the motions to dismiss Plaintiff's Complaint as to NJDOC and CMS Nurses.

    The accompanying Order shall issue today.

Dated:   2-24-06                                        s/ Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge